IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| OFFICER ANDRE SNEED | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| CITY OF HARVEY, | ) | Judge |
| an Illinois Municipality, | ) | |
| | ) | Magistrate |
| Defendant. | ) | |
| | ) | |

### *COMPLAINT AT LAW*

NOW COMES the Plaintiff, OFFICER ANDRE SNEED, by and through his attorneys, ELLIOT R. ZINGER & ASSOCIATES, and presents his COMPLAINT AT LAW and in support thereof complains as follows:

### *NATURE OF THE ACTION*

1. This is an action under Title II of the Americans with Disabilities Act and Section 1983 of the United States Code to correct unlawful employment practices on the basis of disability and to provide appropriate relief to OFFICER ANDRE SNEED (hereinafter "SNEED"), who was subjected to discrimination and retaliation based upon being disabled, and for exercising the rights enumerated above by his employer, the CITY OF HARVEY.

### *JURISDICTION AND VENUE*

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1343, and 1345. This action is authorized and instituted pursuant to Title II of the Americans with Disabilities Act, codified at 42 U.S.C. § 12101, *et seq.* (hereinafter referred to as "Title II") and pursuant to 42 U.S.C. § 1983.

1

3. The unlawful employment practices alleged below were committed in Cook County, Illinois, a county within the jurisdiction of the United States District Court for the Northeastern District of Illinois, Eastern Division.

4. All conditions precedent to the institution of this lawsuit have been fulfilled, including receipt of a right-to-sue letter issued by the Equal Employment Opportunity Commission ("EEOC") on July 15, 2011. *See* Exhibit A.

## *THE PARTIES*

5. At all relevant times, SNEED was a duly qualified peace officer employed by defendant CITY OF HARVEY, an Illinois municipal corporation.

6. At all relevant times, the CITY OF HARVEY was incorporated in the State of Illinois and is a municipality within the State of Illinois.

7. At all relevant times, the CITY OF HARVEY was an employer as defined and codified in 42 U.S.C. § 12111(5).

8. At all relevant times, the CITY OF HARVEY was a public entity as defined and codified in 42 U.S.C. § 12131(1)(A).

9. At all relevant times, DENARD EAVES was the appointed chief of the CITY OF HARVEY's police department.

10. At all relevant times, SNEED was an employee of the CITY OF HARVEY as defined and codified in 42 U.S.C. § 12111(4).

11. The United States Equal Employment Opportunity Commission issued a right-to-sue letter to SNEED relating to the allegations as set forth in Count I. *See* Exhibit A.

## *STATEMENT OF FACTS*

12. SNEED was sworn as a police officer of the CITY OF HARVEY on May 18, 2007.

13. Prior to working for the CITY OF HARVEY, SNEED was employed as a police officer for the City of Chicago.

14. SNEED had been involved in several justified officer-related shootings during his employment with the City of Chicago.

15. SNEED had been involved in several justified officer related shootings during approximately the first two years of employment with the CITY OF HARVEY.

16. On April 21, 2009, SNEED's psychiatrist notified the CITY OF HARVEY and/or its agent that SNEED was suffering from chronic severe workplace-induced Post Traumatic Stress Disorder ("PTSD"). SNEED then began to use his "Injured on Duty" time ("IOD").

17. At all relevant times, SNEED was disabled and unable to perform one or more major life activities as defined and codified in the Americans with Disabilities Act, 42 U.S.C. § 12102.

18. At all relevant times, the CITY OF HARVEY regarded and perceived SNEED as having a disability that prohibited him from performing one or more major life activities.

19. By March 17, 2010, after SNEED had been on disability for 11 months, his psychiatrist again notified the CITY OF HARVEY that SNEED was cleared to return to work for "light duty." The psychiatrist's recommendation was that SNEED was capable of nothing more than "desk duty."

20. The CITY OF HARVEY refused to make a reasonable accommodation for SNEED and refused to allow him to return to work in any capacity.

21. On April 1, 2010, SNEED filed a charge with the EEOC alleging the failure to provide an accommodation as requested on March 17, 2010.

22. The EEOC closed that file on or near April 29, 2010. Following the closure, the CITY OF HARVEY began to retaliate against SNEED for filing the original charge and due to their perception that he was "disabled."

23. On May 18, 2010, the CITY OF HARVEY refused to give SNEED his required raise to "Step III" in retaliation for filing an EEOC charge and because he was disabled. Other non-disabled police officers and police officers who did not file a charge with the EEOC and who were otherwise similarly situated to SNEED received their Step III raises in a timely manner.

24. On May 28, 2010, SNEED submitted a request to file a complaint with the police department after chief DENARD EAVES said "I'm going to kick your ass and fire you mother****er and I'm never letting you come back to work because you're crazy." The CITY OF HARVEY refused SNEED's request to file the complaint in retaliation for filing an EEOC Charge and for being disabled and/or perceived as disabled.

25. Prior to June 9, 2010, the CITY OF HARVEY withheld SNEED's uniform allowance. SNEED complained to the city and they only agreed to refund 60% of the total owed. This was a further act of retaliation and discrimination based upon SNEED's perceived and/or actual disability.

26. On June 30, 2010, SNEED went to the police station to pick up his paycheck stubs. SNEED was buzzed into the public lobby, but was not allowed into the back offices where other, similarly situated employees are allowed to enter. When SNEED asked a detective to let him into the back of the offices, he replied, "you're not supposed to be at the station, you're

crazy." This denial of access and harassment was a further act of retaliation and discrimination based upon SNEED's perceived and/or actual disability.

27. As of September 10, 2010, I have not been allowed to return to light duty or to obtain my police credentials.

### *COUNT I – VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT*

28. SNEED repeats, re-alleges and incorporates by reference the factual allegations of paragraphs one through twenty-seven as if fully set forth herein.

29. SNEED was sworn as a police officer of the CITY OF HARVEY on May 18, 2007.

30. On April 21, 2009, SNEED's psychiatrist notified the CITY OF HARVEY and/or its agent that SNEED was suffering from chronic severe workplace-induced Post Traumatic Stress Disorder ("PTSD"). SNEED then began to use his "Injured on Duty" time ("IOD").

31. At all relevant times, SNEED was disabled and unable to perform one or more major life activities as defined and codified in the Americans with Disabilities Act, 42 U.S.C. § 12102.

32. At all relevant times, the CITY OF HARVEY regarded and perceived SNEED as having a disability that prohibited him from performing one or more major life activities.

33. By March 17, 2010, SNEED's psychiatrist notified the CITY OF HARVEY that SNEED was cleared to return to work for "light duty." The psychiatrist's recommendation was that SNEED was capable of nothing more than "desk duty."

34. The CITY OF HARVEY refused to make a reasonable accommodation for SNEED and refused to allow him to return to work in any capacity.

35. On April 1, 2010, SNEED filed a charge with the EEOC alleging the failure to provide an accommodation as requested on March 17, 2010.

36. The EEOC closed that file on or near April 29, 2010. Following the closure, the CITY OF HARVEY began to retaliate against SNEED for filing the original charge and due to their perception that he was "disabled."

37. On May 18, 2010, the CITY OF HARVEY refused to give SNEED his required raise to "Step III" in retaliation for filing an EEOC charge and because he was disabled. Other non-disabled police officers and police officers who did not file a charge with the EEOC and who were otherwise similarly situated to SNEED received their Step III raises in a timely manner.

38. On May 28, 2010, SNEED submitted a request to file a complaint with the police department after chief DENARD EAVES said "I'm going to kick your ass and fire you mother****er and I'm never letting you come back to work because you're crazy." The CITY OF HARVEY refused SNEED's request to file the complaint in retaliation for filing an EEOC Charge and for being disabled and/or perceived as disabled.

39. Prior to June 9, 2010, the CITY OF HARVEY withheld SNEED's uniform allowance. SNEED complained to the city and they only agreed to refund 60% of the total owed. This was a further act of retaliation and discrimination based upon SNEED's perceived and/or actual disability.

40. On June 30, 2010, SNEED went to the police station to pick up his paycheck stubs. SNEED was buzzed into the public lobby, but was not allowed into the back offices where other, similarly situated employees are allowed to enter. When SNEED asked a detective to let him into the back of the offices, he replied, "you're not supposed to be at the station, you're

6

crazy." This denial of access and harassment was a further act of retaliation and discrimination based upon SNEED's perceived and/or actual disability.

41. As of September 10, 2010, I have not been allowed to return to light duty or to obtain my police credentials.

42. As a result of the aforementioned intentionally discriminatory acts of the CITY OF HARVEY, SNEED has suffered and will likely continue to suffer grievous harm including, without limitation, substantial loss of income and benefits, loss of earnings potential, loss of enjoyment of life, and severe emotional distress.

WHEREFORE, ANDRE SNEED demands judgment against the CITY OF HARVEY in an amount in excess of $100,000.00, and for all legal and equitable relief available pursuant to Title II of the Americans with Disabilities Act, plus attorneys' fees, litigation expenses and cost of suit.

## *COUNT II – RETALIATION*

43. SNEED repeats, re-alleges and incorporates by reference the factual allegations of paragraphs one through twenty-seven as if fully set forth herein.

44. That on April 1, 2010, SNEED filed a charge with the EEOC alleging the failure to provide an accommodation as requested by his psychiatrist on March 17, 2010.

45. That the EEOC closed SNEED's file on or near April 29, 2010. Following the closure, the CITY OF HARVEY began to affect the terms and conditions of SNEED's employment because he filed the original charge and due to their perception that he was "disabled."

46. That on May 18, 2010, the CITY OF HARVEY refused to give SNEED his required raise to "Step III" in retaliation for filing an EEOC charge and because he was disabled.

Other non-disabled police officers, police officers who did not file a charge with the EEOC, and who were otherwise similarly situated to SNEED received their Step III raises in a timely manner.

47. That on May 28, 2010, SNEED submitted a request to file a complaint with the police department after chief DENARD EAVES said "I'm going to kick your ass and fire you mother****er and I'm never letting you come back to work because you're crazy." The CITY OF HARVEY refused SNEED's request to file the complaint in retaliation for filing an EEOC Charge and for being disabled and/or perceived as disabled.

48. That prior to June 9, 2010, the CITY OF HARVEY withheld SNEED's uniform allowance. SNEED complained to the city and they only agreed to refund 60% of the total owed. This was a further act of retaliation and discrimination based upon SNEED's perceived and/or actual disability.

49. That on June 30, 2010, SNEED went to the police station to pick up his paycheck stubs. SNEED was buzzed into the public lobby, but was not allowed into the back offices where other, similarly situated employees are allowed to enter. When SNEED asked a detective to let him into the back of the offices, he replied, "you're not supposed to be at the station, you're crazy." This denial of access and harassment was a further act of retaliation and discrimination based upon SNEED's perceived and/or actual disability.

50. As of September 10, 2010, I have not been allowed to return to light duty or to obtain my police credentials.

WHEREFORE, ANDRE SNEED demands judgment against the CITY OF HARVEY in an amount in excess of $100,000.00, and for all legal and equitable relief available, plus attorneys' fees, litigation expenses and cost of suit.

### COUNT III – VIOLATION OF 42 U.S.C. § 1983 VIA THE AMERICANS WITH DISABILITIES ACT

51. SNEED repeats, re-alleges and incorporates by reference the factual allegations of paragraphs one through twenty-seven as if fully set forth herein.

52. That SNEED's federally protected right against unlawful discrimination was violated by the CITY OF HARVEY.

53. That at all relevant times complained of, the CITY OF HARVEY and its agents acted under color of law while violating SNEED's federally protected rights.

54. That the acts of the CITY OF HARVEY, as set forth above, were pursuant to a custom, policy and practice to discriminate against police officers with disabilities and those that filed charges with the EEOC.

55. That as a result of the aforementioned intentionally discriminatory acts of the CITY OF HARVEY, SNEED suffered and will likely continue to suffer grievous harm including, without limitation, substantial loss of income, loss of earnings potential, loss of enjoyment of life, physical injury and severe emotional distress.

WHEREFORE, ANDRE SNEED demands judgment against the CITY OF HARVEY in an amount in excess of $100,000.00, and for all legal and equitable relief available pursuant to 42 U.S.C. § 1983, plus attorneys' fees, litigation expenses and cost of suit.

### COUNT IV – MONELL CLAIM

56. SNEED repeats, realleges and incorporates by reference the factual allegations of paragraphs one through twenty-seven as if fully set forth herein.

57. That the acts of the CITY OF HARVEY, as set forth above, were pursuant to a custom, policy and practice to discriminate against police officers with disabilities and those that filed charges with the EEOC.

58. That in furtherance of that custom policy and practice, the CITY OF HARVEY likewise discriminated against and retaliated against Officer Henry Harris after he filed an EEOC Charge claiming similar violations of the Americans with Disabilities Act.

WHEREFORE, ANDRE SNEED demands judgment against the CITY OF HARVEY in amount in excess of $100,000.00, and for all legal and equitable relief available pursuant to Title II of the Civil Rights Act, 42 U.S.C. § 1983, plus attorneys' fees, litigation expenses and cost of suit.

### *JURY DEMAND*

59. Plaintiff demands trial by jury pursuant to the Civil Rights Act of 1991, 42 U.S.C. § 1981 a(c)(1).

Respectfully submitted,

ELLIOT R. ZINGER & ASSOCIATES


By: ___/s/ Patrick J. Walsh_____
      Patrick J. Walsh, Esq.
      One of Plaintiff's Attorneys


Elliot R. Zinger, Esq.
Patrick J. Walsh, Esq.
ELLIOT R. ZINGER & ASSOCIATES
10 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312) 782-9464
Atty. No. 6287629